IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JEFFREY ALLEN | § | |
| v. | § | CIVIL ACTION NO. 9:04cv274 |
| | | (Crim. No. 9:04cr6) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Movant Jeffrey Allen, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his petition, Allen states that he was convicted on of receipt and distribution of child pornography, receiving a sentence of 63 months in prison followed by three years of supervised release. He filed a notice of appeal, but was out of time to do so and the appeal was dismissed.

In his Section 2255 motion, Allen says that his conviction was obtained through the use of evidence taken in an unlawful search, that he received ineffective assistance of counsel, and that his sentence was wrongly computed. He also indicated that his guilty plea should be set aside because if his attorney had filed a motion to suppress and this motion had been granted, he would not have pleaded guilty, but would have insisted on going to trial.

The Magistrate Judge ordered the Government to answer Allen's motion. In its answer, the Government argued that Allen's wife, Yvonne, consented to the search of the computer, that Allen's assertions regarding his expectations of privacy in his computer were contradictory, and that Allen's plea of guilty waives his claim regarding the search. The Government also asserted that

1

Allen did not receive ineffective assistance of counsel and that had Allen's attorney, Greg Waldron, filed a motion to suppress, the most likely result would have been that Allen would not have received credit for acceptance of responsibility and would therefore have received a longer sentence. The Government also contended that Sentencing Guideline issues are not cognizable in Section 2255 proceedings and that to the extent that Allen relied upon United States v. Booker, 125 S.Ct. 738 (2005), his claim fails because that case is not retroactive.

Allen filed a response to the answer, arguing that he was the sole owner of the computer and his wife could not consent to search, that a search warrant could have been obtained but was not, that Waldron was simply out to get a plea bargain and did not put up any kind of defense, that there were no state charges against him, and that had a motion to suppress been denied, he still could have received credit for acceptance of responsibility.

After review of all of the pleadings, including documents which Allen attached to his answer as well as investigative materials from the FBI, the Magistrate Judge issued a Report on September 7, 2005, recommending that the motion to vacate or correct sentence be denied.  The Magistrate Judge concluded that Allen's wife had actual or at least apparent authority to consent to the search and that Allen's claims concerning the legality of the search were waived by his entry of the guilty plea.  The Magistrate Judge also concluded that Allen had failed to show that he received ineffective assistance of counsel and that his general claim concerning the Sentencing Guidelines was not cognizable in a Section 2255 proceeding.  Finally, the Magistrate Judge stated that to the extent that Allen sought to raise a Booker claim, such a claim lacked merit because Booker is not retroactive.

Allen filed objections to the Magistrate Judge's Report in the form of a response, a motion for *de novo* review, and a motion for leave to file a supplemental response.  His original response, filed September 16, simply states his intent to file further responses to the Report.  In his motion for *de novo* review, filed September 22, 2005, Allen says that the Magistrate Judge did not

take all relevant facts into consideration, but does not specify what these facts might be, instead referring to his supplemental response.

In his supplemental response, Allen says that Waldron never questioned the integrity of the Government's case, the evidence against him, nor how the evidence was obtained. Instead, he says that Waldron used the fear of a lengthy prison term to get him to enter a plea. He says that he was "frightened and confused" and that Waldron was ready to enter a guilty plea from the very beginning of the case.

Allen again argues that there was no evidence that anyone in his household had access to his computer and that had he known that he had a privacy interest in his password-protected files, he would never have pleaded guilty.

Allen next says that although his wife said in her statement that she used the computer, she did so to play solitaire; he says that playing a "factory-installed game" is different from having access to all portions of the machine. He notes that although the Magistrate Judge refers to a conversation which he "allegedly" had, but questions whether there should be a signed statement or recording of this conversation, and indicates that he was never informed of his rights.

Allen next says that Waldron did not file any defense motions and did not question any evidence obtained, nor did he research the question of whether Yvonne could consent to the search. He acknowledges the Government's argument that his Fourth Amendment rights were waived but reiterates that he did not receive effective assistance of counsel.

The Magistrate Judge properly determined that Allen's claims regarding the validity of the search itself were waived by his entry of the guilty plea. To the extent that Allen objects to the Magistrate Judge's conclusion that his challenge to the search itself was waived by his entry of the guilty plea, his objections are without merit.

Although Allen contends that he received ineffective assistance of counsel, the Magistrate Judge correctly observed that Allen failed to show a reasonable probability that but for counsel's performance, the result of the proceeding would probably have been different. Allen seeks

to meet this burden by speculating that had Waldron filed a motion to suppress, this motion would have been successful; however, as the Magistrate Judge concluded, Yvonne had apparent if not actual authority to consent to the search, and apparent authority is enough by itself to withstand a motion to suppress. U.S. v. Gonzales, 121 F.3d 928, 939 (5th Cir. 1997) (police offices are entitled to rely on the representations of persons regarding their authority to consent when the circumstances do not render such reliance unreasonable); Illinois v. Rodriguez, 497 U.S. 177, 188, 110 S.Ct. 2793, 2801 (1990). Allen strenuously argues that his wife lacked actual authority to consent to the search, but wholly fails to address the question of her apparent authority. The record shows that the circumstances under which the search was conducted do not render reliance upon Yvonne's authority to consent unreasonable. Allen's objection on this point is without merit.

Finally, Allen says that Waldron did not file any defense motions and did not question any evidence obtained, nor did Waldron research the question of whether Yvonne could consent to the search. However, he fails to show that but for any of these alleged derelictions, the result of the proceeding would probably have been different. He does not show that any pre-trial motions which Waldron could have filed would have made any difference, nor does he show that research into the question of the validity of the search would have turned up anything to counter the authority, apparent if not actual, which Yvonne possessed to consent to the search. Nor has Allen shown that his plea of guilty was otherwise involuntary; although he says that he was told he was facing a 20-year sentence if he did not plead guilty, the Fifth Circuit has held that the threat of a lengthier sentence is not proof that the plea of guilty was coerced. Jones v. Estelle, 584 F.2d 687, 690 (5th Cir. 1978), *citing* North Carolina v. Alford, 400 U.S. 25 (1970). Allen's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the Petitioner's response thereto, the Report of the Magistrate Judge, the Petitioner's objections and responses thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded

that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **18** day of **October, 2005.**

_____
Thad Heartfield
United States District Judge